HANG AND ASSOCIATES, PLLC
KELI LIU (KL 9008)
136-18 39th Ave. Suite 1003
Flushing, NY 11355
Tel: (718) 353-8588
Fax: (718) 353-6288
*Attorneys for the Plaintiff and proposed FLSA Collective Class Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Karla Reynosa , on behalf of herself and others similarly situated,<br><br>       Plaintiff,<br><br>     v.<br><br>EXPRESS,Inc. d/b/a EXPRESS<br><br>       Defendant. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Karla Reynosa (hereinafter "Reynosa" or " Plaintiff" ) on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendant EXPRESS, LLC ( "Defendant" or "Express"), and states as follows:

## **INTRODUCTION**

1. This is an action brought by Plaintiff challenging acts committed by Defendant against Plaintiff amounting to wage and hour violations, as well as collective and class claims of violations of Federal and State wage and hour laws.

2. Express, Inc. is a public company that operates more than 600 apparel and accessories stores across the United States, Canada, and Puerto Rico. Express also markets and sells its products through its e-commerce website, [www.express.com](www.express.com), as well as on its mobile app.

3. Plaintiff worked for Express as Co-Manager and regularly worked in excess of 40 hours in a week for which Express did not pay her the overtime at a rate of one and one-half her regular rate.

4. Throughout the relevant period, it has been Express's nationwide policy to deprive its Co-Managers of proper earned overtime wages. In order to avoid paying Co-Managers proper overtime premiums for hours they worked in excess of 40 per workweek, Express has uniformly misclassified them as exempt from federal overtime protections despite that the primary duty of the Co-Managers do not fall under any exemption.

5. By the conduct further described herein, Express has violated the Fair Labor Standards Act, and the wage and hour laws of New York and New Jersey, by failing to pay Plaintiff and other Co-Managers proper overtime compensation. These violations stemmed from Express's company-wide policies and its pattern and practice of violating wage and hour laws.

6. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that she is entitled to recover from Defendants: (1) overtime compensation for work performed for which she did not receive overtime premium pay, (2) liquidated damages and (3) attorney's fees and costs.

7. Plaintiff alleges that, pursuant to the New Jersey State Wage and Hour Law, she is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorney's fees and costs.

8. Plaintiff further complains that she is entitled to (i) overtime compensation for work performed for which she did not receive overtime premium pay; (ii) damages for Defendants' failure to provide proper wage notice at the time of hiring and failure to provide proper wage payment statements, and (iii) liquidated damages, costs, interest and attorneys' fees pursuant to the New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay ("NYLL").

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Jurisdiction of this court is also invoked pursuant to 28 U.S.C. §1367(a), and under the U.S. Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§1332(d), 1453 and 1711-1715.

11. The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

12. At least one member of the proposed class is a citizen of a state different from that of Express.

13. Plaintiff's claims involve matters of national or interstate interest.

14. Citizenship of the members of the proposed class and /or collective is dispersed across the United States.

15. This Court has personal jurisdiction because Defendant conduct business within this District.

16. Express is also subjected to personal jurisdiction in New York because it conducts business in New York.

17. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii) Defendant conducted business within this judicial district at all times relevant.

## **PARTIES**

18. Plaintiff is a former employee of EXPRESS, Inc and worked as a Co-Manager, from June 2015 to September 2016, at Express's store in the Newport Centre Mall, a shopping mall in Jersey City located at 30 Mall Dr W, Jersey City, NJ 07310.

19. Prior to working at Express's store in New Jersey, Plaintiff worked various Express stores[1] in New York from May 1999 until May 2013[2].

---

[1] From May 1999 until May 2013, Plaintiff worked at Express stores located at : Manhattan Mall, 901 6th Ave, New York, NY 10001; 1552 North Broadway New York, New York 10036; 7 West 34th Street, New York, New York 10001; 321 Columbus Ave., New York, NY 10011; 722 Lexington Ave., New York, NY 10022; 89 South St, New York, NY 10038.

[2] Plaintiff first worked as Sales and was promoted to be a Co-Manager in 2010.

4

20. Defendant is a Delaware corporation with a principal place of business and headquarters located at 1 Express Drive Columbus, OH 43230. Defendant operates retail and outlet stores and employs individuals throughout the United States, including in the States of New Jersey and New York.

21. At all relevant times, Defendant has been, and continue to be, an employer engaged in the interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and/or continue to employ, employees, including Plaintiff, and the putative Class Members. At all times relevant herein, Defendant had had gross operating revenues in excess of the $500,000.00 threshold test for the "enterprise" requirement under the FLSA.

22. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant.

23. At all relevant times, Defendants knowingly and willfully failed to properly pay Plaintiff her lawfully earned overtime wages in direct contravention of the FLSA , the New Jersey State Wage and Hour Law and/or NYLL

24. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

**New Jersey Employment**

25. On or about June 2015, Plaintiff was hired as a Co-Manager by Express to work for Defendant's retail store in the Newport Centre Mall located at 30 Mall Dr W, Jersey City, NJ 07310 ("Newport Store").

26. Plaintiff worked at the Newport Store from on or around June 2015 until on or around September 2016.

27. As a Co-Manager, Plaintiff was required to work five (5) days per week and generally worked around forty-two hours (42) per week. During the holiday season[3] Plaintiff would work longer hours and the number of hours she worked each week would increase to around forty-five (45) hours.

28. Specifically, each work day Plaintiff would be assigned to work any of the following three shifts: (the opening shift) from 8:00 am until 6:00 pm, (the middle shift) from 11: 00 am to 8:00 pm, the (closing shift) from 2:00 pm to 12 am or 1:00 am. The specific five days of any given week Plaintiff would work varied, the weekly arrangement was subject to the store's advance scheduling notice. Plaintiff had a thirty-minute break each day and thus worked at least forty-two and a half hours (42.50) each week.

29. Although hired as a Co-Manager, Plaintiff's primary duties were largely unrelated to the management of the store and were not meaningfully different from the hourly associates. On a daily basis, Plaintiff primarily performed tasks including but not limited to: stocking and running merchandise, cleaning the store and the bathrooms, ringing the register, marking down the merchandise, store recovery, trash disposal, and folding clothes, taking care of customer services, take returns and exchange and other duties typically expected of hourly associates.

---

[3] The holiday season generally runs a month long and starts from the time around Thanksgiving to the time around Christmas.

30. As a Co-Manager, Defendants assigned Plaintiff to open or close the store depending on her schedule. However, this responsibility was not exclusive to Co-Managers and Defendants sometimes also assigned opening and closing the store to hourly associates.

31. As a Co-Manager, Plaintiff did not have discretion about any decisions that were critical to the management and operation of Express. She lacked authority to change work shifts, alter store hours, change the layout of the store, set pay rates or prices, to maintain sales records. Each of these types of tasks were within the discretion of the Store Manager. Any decision she ever made had to make required Store Manager approval.

32. Plaintiff did not have the authority to hire, discipline or fire the hourly associates or make recommendations which were given particular weight by management in regard to those decisions.

33. Plaintiff was given detailed specific instruction each day by the Store Manager and did not have the discretion to deviate from these instructions in the performance of her duties. The performance of the duties she was assigned was controlled and dictated by Defendant's policies and procedures.

34. At the time of her hire, District Manager Brian[4] ("Brian") told Plaintiff that she would receive an annual salary of $50,000[5] as a Co- Manager but she would also receive "Supplemental"[6] if she ever had to work overtime. After their meeting, Brain sent Plaintiff a web link via e-mail for her to go to Express's website to complete the necessary steps after hiring. Upon clicking the link, Plaintiff was directed to webpages on Express's

---

[4] Plaintiff does not recall his last name.
[5] Plaintiff was also promised a one-time $5,000 "bonus" on the condition that she would stay with Express for at least a year.
[6] Brain did not explain exactly what does "Supplemental" mean or how it would be calculated.

7

website that further informed her about work and pay. Specifically, one webpage contains details of her regular hourly pay rate and explicitly stated that, for hours she worked over forty, she would be compensated at 0.5 times her regular hourly rate. Plaintiff e-signed this webpage.

35. Despite of being classified as exempt salaried employee, Plaintiff was required to track the number of hours she worked and was paid the "Supplemental" for the hours she worked over 40 at a rate of 0.5 times her regular hourly rate.

**New York Employment Period**

36. From on or about May 1999 to on or around May 2013, Plaintiff worked at different Express Stores in Manhattan, New York[7] (the "New York Stores"). Plaintiff first worked as sales associate and then was promoted to be a Co-Manager in 2010.

37. In 2010, Plaintiff was notified via telephone by her Department Manager Richard Kim that the Reginal Manager Robin Summas and he agreed that Plaintiff would be promoted to be a Co-Manager. Upon the promotion, Plaintiff met with her store manager Latanya Spellman, who informed her that she will be salaried. Ms. Spellman gave Plaintiff two documents to sign, one telling her what her annual salary is, the other stating that she was promoted to be a Co-Manager and that she would be paid a salary plus the "Supplemental" for the hours she worked over 40 a week. The document did not specify what the term "Supplemental" meant, what it consists of, or how it would be calculated. Ms. Spellman told her verbally that she would be paid 0.5 times her hourly rate basing on her annual salary for hours she work over 40.

---

[7] *See* Footnote 1.

38. Throughout her time as a Co-Manager at the New York stores, Plaintiff regularly worked five (5) days per week and generally worked sometime between forty –three (43) to forty-five (45) hours per week. During the holiday season[8] Plaintiff would work longer hours and the number of hours she worked each week would increase to sometime between forty-five (45) to forty-nine (49) hours.

39. Plaintiff did not have a set work schedule when she worked as a Co-Manager at the New York Stores, she would receive the store's scheduling notice one week in advance.

40. Similar to what she later experienced in the Newport Store, Plaintiff's work at the New York stores were non-managerial in nature. Although hired as a Co-Manager, Plaintiff's primary duties were largely unrelated to the management of the store and were not meaningfully different from the hourly associates. On a daily basis, Plaintiff primarily performed tasks including but not limited to: stocking and running merchandise, cleaning the store and the bathrooms, ringing the register, marking down the merchandise, store recovery, trash disposal, folding clothes, taking care of customer services, taking returns and exchanges, and other duties typically expected of hourly associates. Her job duties therefore did not differ greatly from her duties as sales associate.

41. Throughout her time worked at the New York Stores, Plaintiff received an annual salary at about $65,000 a year with performance-based bonus that tied to the sales of the store.

42. Despite of being misclassified as exempt salaried employee, Plaintiff was required to track the number of hours she worked and was paid, as the "Supplemental" for the hours she worked in excess of 40 at 0.5 times her regular hourly rate derived from her annual salary.

---

[8] The holiday season generally runs a month long and starts from the time around Thanksgiving to the time around Christmas.

43. Defendant knowingly and willfully operated its business with a policy of not paying overtime premiums equal to one and a half times Plaintiff's regular hourly rate for hours worked in excess of forty in a workweek.

44. Defendant knowingly and willfully operated its business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), the New Jersey overtime rate (of time and one-half), or the New York overtime rate (of time and one-half), in violation of the FLSA, NYLL and New Jersey State Wage and Hour Law and the supporting federal and state regulations.

**(COLLECTIVE ACTION ALLEGATIONS)**

45. Plaintiff brings FLSA claims on behalf of herself and all other similarly situated persons who have been or were classified as exempt from FLSA's overtime pay provision and employed by Express as salaried Co-Manager who have worked in excess of 40 hours per week during any work week for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period"), and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week at time and one-half their regular hourly rate (the "Collective Action Members"), and have been subject to the same common decision, policy, in contravention to federal and state labor laws.

46. During the relevant time, Plaintiff has been similarly situated to all Co-Managers of Defendant and has been subjected to illegal terms and conditions of employment, including failure and refusal to properly compensate Plaintiff and all similarly situated Co-Managers for overtime hours worked during their employment with Defendant.

47. Plaintiff's claims under the FLSA herein are essentially the same as those of all Co-Managers in Defendant's employment in that it is Defendant's policy and practice to

schedule Co-Managers to work in excess of forty hours per week, without proper compensation of overtime pay.

48. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendant during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

49. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

50. This action should be certified as collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

51. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members

may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

52. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendant employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendant misclassified Collective Action Members as exempt from FLSA overtime protection;

c. Whether Defendant failed to properly pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek at the required premium rate at one-and-one-half times Collective Action Members' regular hourly rate in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendant's violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

e. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

53. Upon information and belief, Express applied similar, if not the same, unlawful policies and practices to its employees nationwide.

54. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

55. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS-WIDE ALLEGATIONS

56. Plaintiff brings NYLL and New Jersey Wage and Hour Law Claims, as set forth below, as a class action pursuant to FRCP Rule 23 on behalf of herself as well as on behalf of all Co-Managers who classified as exempt by Defendant in the State of New York and New Jersey.

57. Specifically, Plaintiff intends to represent individuals who have been or were misclassified as exempt from overtime pay provision under the NYLL and New Jersey Wage and Hour Law and employed by Express as salaried Co-Manager who have worked in excess of 40 hours per week during any work week, and whom failed to receive proper overtime compensation for all hours worked in excess of forty (40) hours per week at time and one-half their regular hourly rate (the "State Class Plaintiffs"), and have been subject to the same common decision, policy, in contravention to the NYLL and the New Jersey Wage and Hour Law.

58. All questions relating to Defendant's violation of the NYLL and the New Jersey Wage and Hour Law share the questions of law and fact common to the State Class Plaintiffs which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the NYLL and New Jersey Wage and Hour law;

b. Whether Defendant misclassified Plaintiff and Class members as exempt from the NYLL and New Jersey Wage and Hour Law provisions;

c. Whether Plaintiff and Class members properly paid at a rate of one-and-one-half times their regular rate for all hours they worked in excess of 40;

e. At what common rate, or rates subject to common method of calculation were and are the Defendant required to pay the Class members for their work.

59. A class action is superior to all other methods and is necessary in order to fairly and completely litigate the violations of the NYLL and the New Jersey Wage and Hour Law that have occurred.

60. The list of putative class members included in Plaintiff's NYLL and New Jersey Wage and Hour Law claims is readily discernible and ascertainable from Defendant. Notice of this class action can be offered by any means permissible under the FRCP Rule 23 requirements.

61. The case being brought as a class action has the public benefit of saving the Court time and effort by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual class members creates a risk for varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

62. Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendant. The anonymity inherent in a class action suit further provides safety against retaliation and/or undue stress and fear for the class members' jobs and continued employment.

63. Class certification is appropriate because common questions of law and fact predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**STATEMENT OF CLAIM**
**COUNT I**
**[Violations of the Fair Labor Standards Act—Overtime Wage Claim
Brought on behalf of the Plaintiff and the FLSA Collective]**

64. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. At all times relevant to this action, the Defendant was Plaintiff and Collective Class Members' employers within the meaning of 29 U.S.C. § 203 (d).

66. At all times relevant to this action, Defendant was employer engaged in commerce within the meaning of 29 U.S.C. §206 (a) and 207 (a).

67. At all relevant times, Plaintiff and Class members were misclassified as exempt from overtime pay and failed to receive overtime compensation at the overtime premium for their overtime hours worked.

68. Defendant willfully failed to pay Plaintiff and Class Members overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times their regular rate of pay under 29 U.S.C. §206 (a), in the violation of 29 U.S.C. §207(a)(1).

69. Defendant's violations of the FLSA as described in this Complaint have been willful and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

70. Due to Defendant's FLSA violations, Plaintiff and Class members are entitled to recover from Defendant their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

## COUNT II
### [Violation of New Jersey Wage and Hour Law—Claim for Overtime Wages]
### On behalf of the Plaintiff and the New Jersey Class Members

71. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72. At all times relevant to this action, Plaintiff and Class members were employed by Defendant within the meaning of New Jersey Statutes Annotated 34:11-56a1(h).

73. At all times relevant to this action, Defendant was employers within the meaning of New Jersey Statutes Annotated 34:11-56a1(g).

74. At all relevant times, Plaintiff and Class members were misclassified as exempt from overtime pay and failed to receive overtime compensation at the overtime premium for their overtime hours worked.

75. Defendant willfully failed to pay Plaintiff and Class members' overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times their regular rate of pay or, at a minimum, the minimum wage to which Plaintiff and Class members were entitled under New Jersey Wage and Hour Law, in violation of New Jersey Statutes Annotated 34:11-56a4 and 12:56.

76. Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiff and Class members are entitled to recover from Defendant their unpaid minimum wages as well as reasonable attorneys' fees and costs of the action, pursuant to the New Jersey Wage and

Hour law, specifically New Jersey Statutes Annotated 34:11-56a25, all in an amount to be determined at Trial.

### COUNT III
**[Violation of New Jersey Wage Payment Law—Claim for Unpaid Overtime Wages]**
**Plaintiff and On behalf of the New Jersey Class Members**

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. At all times relevant to this action, Plaintiff and Class members were employed by Defendant within the meaning of New Jersey Statutes Annotated 34:11-4.1.

79. At all times relevant to this action, Defendant was employer within the meaning of New Jersey Statutes Annotated 34:11-4.1

80. At all relevant times, Plaintiff and Class members were misclassified as exempt from overtime pay and failed to receive overtime compensation at the overtime premium for their overtime hours worked.

81. Defendant willfully failed to pay Plaintiff and Class members' wages that Plaintiff and Class members were entitled under New Jersey Wage Payment Law, in violation of New Jersey Statutes Annotated 34:11-4.2 and 34:11-4.3.

82. Due to Defendant's violations of the New Jersey Wage Payment Law, Plaintiff and Class members are entitled to recover from Defendants their full amount of wages due plus an additional equal amount as liquidated damages, as well as as reasonable attorneys' fees and costs of the action, pursuant to the New Jersey Wage Payment Law, specifically New Jersey Statutes Annotated 34:11-56.8, all in an amount to be determined at Trial.

# COUNT IV
**[Violation of New York State Labor Law- Claim for Unpaid Overtime Wages]**
**Plaintiff and on Behalf of All New York State Plaintiffs**

83. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. At all relevant times, Plaintiff and Class members were employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

85. At all relevant times, Plaintiff and Class members were misclassified as exempt from overtime pay and failed to receive overtime compensation at the overtime premium for their overtime hours worked.

86. Defendant willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

87. The Defendant's New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

88. Due to the Defendant's New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al.

**Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of herself and all similarly situated employees and the Class Plaintiffs respectfully requests that this court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under

the FLSA and the New Jersey State Wage and Hour Law;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c) An award of unpaid overtime compensation due under FLSA and New Jersey State Wage and Hour Law;

d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to New Jersey State Wage and Hour Law;

e) Back pay, front pay, compensatory and punitive damages, counsel fees, pre-judgment and post-judgment interest, Court costs and fees and such other relief as the Court may deem just and appropriate under the circumstances for violations of the New Jersey Law Against Discrimination against H.C. International Inc. and Andrew Cai.

f) An award of prejudgment and post-judgment fees;

g) An award of costs and expenses of this action together with reasonable attorney's and expert fees;

h) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of herself and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Dated: April 7, 2017
       Flushing, New York

                                  HANG & ASSOCIATES, PLLC

                                  By: */s/ Keli Liu*
                                  Keli Liu, Esq.
                                  Hang & Associates, PLLC
                                  136-18 39th Avenue, Suite 1003
                                  Flushing, New York 11354
                                  Telephone: (718) 353-8588