# SEYFARTH SHAW

620 Eighth Avenue

New York, New York 10018-1405

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

WASHINGTON, D.C.　SYDNEY　SHANGHAI　SAN FRANCISCO　SACRAMENTO　NEW YORK　MELBOURNE　LOS ANGELES　LONDON　HOUSTON　CHICAGO　BOSTON　ATLANTA

Writer's direct phone
212-218-3332

Writer's e-mail
HWexler@seyfarth.com

Writer's direct fax
917-344-1314

November 8, 2017

**VIA ECF**

Honorable Ester Salas
United States District Judge
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Reynosa v. Express, Inc.*
　　　Case No. 2:17-cv-02424-ES-MAH

Dear Judge Salas:

　　This firm is counsel for Express LLC (incorrectly named as "Express, Inc."), the Defendant in the above-referenced action. On behalf of both parties, we write jointly in accordance with Your Honor's November 3, 2017 Order (ECF Docket No. 18) to respectfully request that the Court approve the parties' settlement agreement pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b).

## Background

　　Plaintiff Karla Reynosa was employed at Express stores in New Jersey and New York for various periods between 1999 and 2016. She commenced this action on April 7, 2017. Her Complaint asserts that she was misclassified as an exempt employee and was unlawfully denied overtime pay for hours worked beyond 40 per workweek, in violation of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Payment Law, and the New York Labor Law. Express denies these claims and maintains that Reynosa was classified and paid properly and lawfully throughout her tenure.

　　Although the Complaint includes allegations regarding the appropriateness of class/collective treatment of her claims, no other individual has filed a consent to join this action pursuant to the FLSA.

42150472v.2



Honorable Ester Salas
November 8, 2017
Page 2

Immediately following service of the Complaint, the parties began discussions concerning a possible settlement of the action. On several occasions, they requested, and the Court granted, extensions of the deadline for Express to respond to the Complaint. At this juncture, Express has not yet filed such response, nor has any discovery or other litigation activity occurred.

### The Agreement is Fair and Equitable

The parties have reached an agreement (the "Agreement") to resolve Reynosa's claims on an individual basis and dismiss this action in its entirety with prejudice. No other members of the putative class or collective will be affected by the Agreement.

Although the Third Circuit has not specifically addressed the standards to be applied in evaluating the fairness of FLSA settlements, a number of district courts within the Circuit have held that a court must determine that the compromise reached is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions. *See, e.g., Davis v. Essex Cnty.*, 2015 U.S. Dist. LEXIS 161285, at *5 (D.N.J. 2015); *Bettger v. Crossmark, Inc.*, 2015 U.S. Dist. LEXIS 7213, at *9 (M.D. Pa. 2015); *In re Chickie's & Pete's Wage & Hour Litig.*, 2014 U.S. Dist. LEXIS 30366, at *2 (E.D. Pa. 2014). A proposed settlement resolves a *bona fide* dispute when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Chickie's*, 2014 U.S. Dist. LEXIS 30366, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA. *See Singleton v. First Student Mgmt. LLC*, 2014 U.S. Dist. LEXIS 108427, at *8 (D.N.J. 2014); *Chickie's*, 2014 U.S. Dist. LEXIS 30366, at *2; *Brumley v. Camin Cargo Control, Inc.*, 2012 U.S. Dist. LEXIS 40599, at *1 (D.N.J. 2012).

In reaching the terms of the Agreement, both sides made significant compromises to the positions they were advancing in this action. Reynosa contends that she was misclassified as an exempt employee, that she worked a significant number of hours beyond 40 per workweek, and that she was entitled to overtime pay for those hours. Express contends that Reynosa was properly classified at all times during her several stints of employment, that it properly implemented the "fluctuating work week" pay method, and that it paid Reynosa and all similarly situated employees properly and lawfully for all hours worked.

Express further contends that Reynosa's claims are subject to mandatory arbitration pursuant to a pre-dispute arbitration agreement she signed as a condition of her employment with Express. That agreement also includes a clause in which Reynosa agreed not to pursued her claims on a class or collective basis and barring an arbitrator from considering her claims in that manner. The Supreme Court is currently addressing the enforceability of such class/collective waiver clauses. *See Epic Systems Corp. v. Lewis*, No. 16-285 (oral argument held Oct. 2, 2017). The parties' Agreement, in addition to resolving their *bona fide* dispute regarding the propriety of Reynosa's wage payments, avoids the legal uncertainty associated with the arbitration issue.



Reynosa is qualified to and does understand the nature of her claims, the risks of litigation, and the benefits of the settlement, including the release and payment of attorneys' fees. Reynosa, who no longer works for Express, has reviewed the terms of the Agreement with her counsel and has agreed to the terms set forth therein.

### The Fees and Expenses Paid to Plaintiff's Counsel Are Reasonable

Express will pay Reynosa's attorneys' fees and costs of approximately 33% of the total settlement payment, a standard percentage. Reynosa's counsel represents that this amount, which includes expenses, such as electronic legal research and court fees, is fair and reasonable and comports with the efforts that Plaintiff's counsel put into this matter. Plaintiff's counsel further represents that Reynosa understands and has agreed to this distribution.

### Conclusion

The parties therefore jointly respectfully request that this Court (i) approve the Agreement as fair and reasonable under the FLSA; and (ii) dismiss the above-captioned action with prejudice.

On behalf of all parties, we thank the Court for its consideration of this request.

Respectfully submitted,

| HANG & ASSOCIATES | SEYFARTH SHAW LLP |
| --- | --- |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| By: /s/ *Keli Liu* | By /s/ *Howard M. Wexler* |
| Keli Liu | Howard M. Wexler |
| 136-18 39th Avenue, Suite 1003 | 620 Eighth Avenue |
| Flushing, New York 11354 | New York, New York 10018-1405 |
| (718) 353-8588 | (212) 218-5500 |